UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| SKYLEE ROBINSON, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM FIRE AND CASUALTY COMPANY, <br><br> Defendant. | CASE NO. C12-1001RSM <br><br> ORDER OF REMAND |

    Plaintiff Skylee Robinson filed this action in King County Superior Court on January 10, 2012, asserting cause of action for negligent misrepresentation, insurance bad faith, and violation of the Washington Consumer Protection Act, all arising from water damage to her home and associated costs of repair. Defendant State Farm Fire and Casualty ("State Farm") removed the action to this Court on June 11, 2012, on the basis of the parties' diversity. Dkt. # 1. The matter is now before the Court for consideration of plaintiff's motion to remand. Dkt. # 9. Plaintiff asserts that the matter should be remanded to the state court from which it was removed, because removal was untimely under 28 U.S.C. § 1446(b)(1). Although defendant has opposed the motion, the Court finds such opposition is without merit and shall grant the motion for remand.

DISCUSSION

    Plaintiff filed this action in King County Superior Court on January 10, 2012 and served defendant by service of copies of the summons and complaint upon the Washington State Insurance

ORDER - 1

Commissioner on January 17, 2012. Dkt. # 1-1. An amended complaint was filed on January 24, 2012, to correct the name of defendant. *Id.* Defendant removed the case to this Court on June 11, 2012, invoking the jurisdiction of this Court under 28 U.S.C. § 1332, which provides for original jurisdiction when the parties are diverse in citizenship and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1). Dkt. # 1.

The removal statute provides, in relevant part, that

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based. . . .

28 U.S.C. § 1446(b)(1). It is undisputed that defendant did not remove the action within thirty days after receipt of the complaint or of the amended complaint. Instead, defendant filed the Notice of Removal within thirty days after receipt of plaintiffs response to Requests for Admission, admitting that the amount in controversy in this action is over $75,000. Dkt. # 1, p. 23. Defendant contends that this removal is permitted under 28 U.S.C. § 1446(b).

The relevant portion of the cited section provides that

> if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3). It is defendant's position that because no specific sum was requested as damages in the complaint, plaintiff's response to the Requests for Admission constitutes an "other paper" from which it first ascertained that the case was removable. However, § 1446(b)(3) only comes into play when the case as stated in the pleading is not removable. That is not the case here; the case as stated in the original complaint was removable.

There is no requirement that a complaint state a sum certain in excess of $75,000 as damages in order for it to be removable. Instead, where no sum certain is demanded in the complaint, the amount in controversy shall be asserted by the defendant in the Notice of Removal, together with evidence from which the Court may find, by a preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(A), (B). *See*, *e.g.*, *Sanchez v. Monumental Life Insurance* Co., 102 F. 3d 398, 404 (9th Cir. 1996). Plaintiff here demanded damages caused "by State Farm's negligent

ORDER - 2

1  misrepresentation, bad faith and violation of Washington's Consumer Protection Act," together with a
2  statutory penalty of $10,000 and triple damages under RCW 48.30.015 for defendant's unreasonable
3  denial of a claim for coverage. Complaint, Dkt. # 1-1, Section IV. Defendant was on notice through
4  the claim process which preceded the filing of the complaint that plaintiff's basic claim was for the
5  difference between the actual cost of repairs to her home and the amount covered by insurance, a figure
6  stated in the Proof of Loss as $82,405.55. Declaration of Michael Wrenn, Dkt. # 9, Exhibits D and E.
7  Together with the statutory penalty and triple damages requested in the complaint, the amount in
8  controversy greatly exceeds $75,000, making the case removable as of the date it was filed.

Discovery responses may be considered as an "other paper" under § 1446(b)(3) only when "the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed [$75,000]." 28 U.S.C. § 1446(c)(3)(A). Here, as stated above, the case as stated in the original complaint was removable, so the discovery response received May 15, 2012 may not be considered as an "other paper" which triggered a new thirty-day removal period. Nor may defendant claim that it "first ascertained" that the case was one which was removable when it received the answers to Requests for Admission, because it was familiar with the sums at issue here as a result of the claims handling process.

Removal in this case was untimely under 28 U.S.C. § 1446(b)(1). Plaintiff's motion for remand (Dkt. # 8) is accordingly GRANTED, and this case is REMANDED to King County Superior Court, Cause No. 12-2-01667-4 SEA.

Pursuant to 28 U.S.C. § 1447(c), plaintiff is entitled to an award of just costs and actual expenses incurred as a result of the removal, because the untimely removal was objectively unreasonable. Plaintiff shall present her application for such fees to the state court for approval within ten days after this matter has been returned to that court.

The Clerk shall close this file and send a certified copy of this Order to the Clerk of Court for the King County Superior Court.

DATED August 28, 2012.

RICARDO S. MARTINEZ

ORDER - 3

1 UNITED STATES DISTRICT JUDGE

2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

ORDER - 4